IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

        Plaintiff,
vs.                                                                             CIVIL NO.  09-597 MCA/LFG

STATE OF NEW MEXICO,
First Judicial District Court,

        Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court on an Order of Reference [Doc. 3] to conduct a review of Plaintiff Daniel O'Neill's ("O'Neill") *Pro Se* Petition for a Preemptory Writ of Mandamus [Doc. 1], filed June 10, 2009, to determine whether it can withstand Fed. R. Civ. P. 12(b)(6) scrutiny.

O'Neill paid a reduced filing fee pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. This statute authorizes a court to waive or reduce filing fees and various court costs for indigents. The intent of the statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).

### Authority for *Sua Sponte* Analysis

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed by September 8, 2009, no appellate review will be allowed.

the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).

In response to this congressional concern, federal courts are specifically authorized to review a *sua sponte* review of an *in forma pauperis* complaint and dismiss the complaint if the plaintiff does not "plead sufficient facts, that when taken as true, provide 'plausible grounds' that 'discovery will reveal evidence' to support plaintiff's allegations." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007); Carson v. Tulsa Police Dep't, 266 Fed. Appx. 763, 765 (10th Cir. 2008)(applying Twombly plausibility standard in § 1915 review).

More recently, in Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937, 1949 (2009), the Supreme Court further discussed the Twombly plausibility standard:

> A complaint must contain sufficient functional matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. [Internal citations and punctuation omitted].

**Discussion**

O'Neill seeks a writ of mandamus to compel the State of New Mexico's First Judicial District Court to act on "pending motions." The request is deficient for a number of reasons. First, O'Neill seeks a preemptory writ of mandamus in a federal forum. However, Fed. R. Civ. P. 81(b) abolished the writ of mandamus in federal court. Thus, the relief requested by O'Neill's Petition is simply unavailable by way of extraordinary writ. While federal courts have jurisdiction to consider petitions

2

for mandamus as against federal officers, 28 U.S.C. § 1361, federal courts are without jurisdiction to grant a writ of mandamus against state and local officials.  Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992).

Olson directs that federal courts faced with such petitions from *pro se* litigants consider whether the case could be construed as a request for habeas corpus relief, or an action for injunctive or declaratory relief under 42 U.S.C. § 1983.  The Court determines that neither construction would assist O'Neill in this case.

O'Neill asks this Court to force the State courts to take action on matters pending before them, in particular, to grant his request for transfer to a different facility, based on allegations that Secretary of Corrections Joe Williams "tried to have me killed because I turned him in to the Judicial System for purchasing illegal drugs in Hobbs, N.M." [Doc. 1, at 3].  He adds, "The First Judicial Court won't act on any of my motions."  Id.  He attaches documentation indicating that he has an ongoing habeas corpus action pending in State court.

This Court cannot entertain a habeas petition under 28 U.S.C. § 2254 or § 2241 until such time as O'Neill exhausts his State habeas remedies.  Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000).

To the extent O'Neill is asking this Court to sit in review of State court actions, or to overturn State factual findings, federal district courts lack jurisdiction to do so.  Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986), *citing* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

To the extent O'Neill asks this Court to interfere with ongoing State criminal or civil proceedings, the Court finds that it must abstain under the doctrine of Younger v. Harris, 401 U.S. 37 (1971).  There is no indication that the State courts do not provide an adequate forum to hear the claims raised herein, and the State proceedings "involve important state interests, matters which

traditionally look to state law for their resolution or implicate separately articulated state policies." Brown v. Day, 555 F.3d 882, 887 (10th Cir. 2009).

O'Neill complains that the State courts are taking too long to address his request for transfer away from the influence of corrections Secretary Joe Williams who, he alleges, is corrupt and "tried to have me killed," and he wants this Court to make the State courts take action. However, as the Tenth Circuit points out, "We are aware of no authority holding that the potential lengthy pendency of a state civil . . . [action] renders the state proceedings inadequate for purposes of Younger abstention analysis." Sanchez v. Wells Fargo Bank, N.A., 307 Fed. Appx. 155, 158 (10th Cir. 2009).

The Court further finds that the State's interest in determining appropriate placement within the State prison system is an "important state interest" for purposes of Younger abstention, and "exercise of federal judicial power would disregard comity between" the State and the federal government. Sanchez at 158.

## **Recommendation**

Determining that O'Neill's claim is not authorized by Rule 81(b) of the Federal Rules of Civil Procedure, and substantively is barred by both Rooker/Feldman and the Younger abstention doctrine, the undersigned magistrate judge recommends that the initial partial payment be waived and that O'Neill's claims be dismissed with prejudice.

*/s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

4